IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

         **Petitioner,**

   **v.**                CASE NO. 22-3268-JWL-JPO

**BRIAN C. HILL,**

         **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

   This matter is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges. His fee status is pending. He is currently incarcerated at the Douglas County Jail in Lawrence, Kansas, but the case now before the Court concerns an ongoing criminal action against Petitioner in the District Court of Shawnee County, Kansas. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

   This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

   Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he

1

court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

In the petition, Petitioner identifies the actions he is challenging as having occurred in Shawnee County case number 2020-CR-2508, which is an ongoing state court criminal proceeding against Petitioner. (Doc. 1, p. 2.) This is not Petitioner's first attempt to attack this state criminal prosecution by way of federal habeas relief. *See Price v. Kansas*, Case No. 21-3259-SAC. As explained to Petitioner in his previous § 2241 challenge to the same state criminal prosecution:

> The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").
>
> Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).
>
> If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven

> harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

*Price v. Kansas*, Case No. 21-3259-SAC, Doc. 3, p. 2-3.

These legal principles remain sound. Moreover, as in Petitioner's prior § 2241 action, his current petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. Petitioner does not allege that the act for which the State of Kansas is charging him was done under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims. Similarly, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in the District Court of Shawnee County, Kansas.

The criminal case against Petitioner still is ongoing. *See* Online Records of the Shawnee County District Court, Case No. 2020-CR-002508. The State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007). And the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to again decline to interfere in the ongoing state court criminal proceedings. In short, all of the circumstances that required the Court to abstain in Petitioner's prior § 2241 case remain the same. *See Price v. Kansas*, Case No. 21-3259-SAC, Doc. 6 (D. Kan. Dec. 1, 2021) (dismissing matter without prejudice under *Younger* and *Ex Parte Royall*).

Petitioner is therefore directed to show cause, in writing, on or before November 25, 2021, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before November 25, 2022, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:   This 24th day of October, 2022, at Kansas City, Kansas.


S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge