IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

                **Petitioner,**

     v.                                              **CASE NO. 22-3268-SAC**

**BRIAN C. HILL,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner John Timothy Price, who is proceeding pro se, is a pretrial detainee facing state criminal charges in the District Court of Shawnee County, Kansas. This matter comes before the Court on Petitioner's motion to appoint counsel. (Doc. 2.)

As the motion concedes, Petitioner has no constitutional right to counsel in a federal habeas corpus action. *Id.* at 1; *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

As explained in the Court's October 24, 2022 notice and order to show cause (Doc. 4), it appears that this matter is subject to dismissal in its entirety under the doctrines set forth in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37 (1971). Moreover, these same doctrines required the dismissal of a prior § 2241 petition in this Court in which Petitioner sought to challenge the same state criminal prosecution. *See Price v. Kansas*, Case No. 21-3259-SAC, Doc.

6 (D. Kan. Dec. 1, 2021) (dismissing without prejudice under *Younger* and *Ex Parte Royall*). In the matter now before the Court, Petitioner remains obligated to respond to the notice and order to show cause on or before November 25, 2022. (See Doc. 4.) Thus, at this point in these proceedings, the Court is not convinced that the interest of justice requires counsel for Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's motion for appointment of counsel (Doc. 2) is **denied**.

**IT IS SO ORDERED.**

DATED:   This 10th day of November, 2022, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge